**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAMKHAL PIRIEV, | Case No. 26-cv-03532-BAS-DDL |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |
| CHRISTOPHER LAROSE, *et al.*, | |
| Respondents. | |

Petitioner Shamkhal Piriev filed a Habeas Petition pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after Immigration and Customs Enforcement ("ICE") released him on his own recognizance into the United States. (ECF No. 1.) The Government responded (ECF No. 4), and Petitioner filed a Traverse (ECF No. 5). For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as he was previously released.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in

custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    STATEMENT OF FACTS

Petitioner, a citizen of Georgia, entered the United States in May 2023, seeking asylum. (ECF No. 1, ¶ 2.) On May 7, 2023, ICE found Petitioner was not a flight risk or danger to the community and released him on his own recognizance into the United States. (*Id.*) Petitioner filed an asylum application and obtained work authorization. (*Id.* ¶¶ 2, 48.) He complied with the ICE requirement that he make regular ICE check-ins. (*Id.* ¶ 47.)

On May 7, 2026, Petitioner was detained when he tried to make a work delivery at Camp Pendleton. (*Id.* ¶ 3.) ICE took Petitioner into custody without notice or an opportunity for Petitioner to be heard. (*Id.* ¶ 49.) Petitioner seeks immediate release on the same conditions as his previous release.

## III.   ANALYSIS

Petitioner's re-detention without notice or an opportunity to be heard and without noticeably changed circumstances violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026)

26cv3532

("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because ICE released Petitioner upon finding he was not a flight risk or a danger to the community in May 2023, Petitioner is entitled to remain released on the same conditions as he was initially released. If ICE believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Petition.

## IV.  CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Petitioner Shamkhal Piriev (A# 241-307-376) be released on the same terms and conditions as he was ordered released on May 7, 2023. In addition, ICE is ordered to return all documents confiscated from Petitioner at the time of his arrest.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: June 25, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv3532